IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTA COVERT, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-550 |
| v. | : | |
| DEPARTMENT OF COUNTY / STATE MEDICAL, MENTAL / BEHAVIOR HEALTH PENN – MEDICINE, | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                                                                April 3, 2018

      A *pro se* prisoner has brought this action under 42 U.S.C. § 1983 in which he is potentially asserting claims about the conditions of his confinement or claims that county and state prison officials were deliberately indifferent to his serious medical needs.  Unfortunately, although the plaintiff has filed a complaint and an amended complaint, the allegations contained in those documents are presented in such a disjointed and vague manner that the court cannot discern what the plaintiff is alleging, when the events giving rise to his claims actually occurred, or even the precise defendants that he is attempting to sue.  At bottom, the complaint and amended complaint do not comply with Rule 8 of the Federal Rules of Civil Procedure, appear to assert claims against defendants that the plaintiff cannot sue under section 1983, and may contain claims barred by the applicable statute of limitations.  Accordingly, the court will dismiss the complaint and the amended complaint, but provide the plaintiff with the opportunity to file a second amended complaint to the extent that he can clarify his allegations and identify defendants that he can potentially sue under section 1983.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Donta Covert ("Covert"), attempted to commence this action by filing a complaint on February 5, 2018.[1] Doc. No. 1. Unfortunately, Covert failed to file an application to proceed *in forma pauperis* or pay the filing and administrative fees; therefore, the court entered an order on February 15, 2018, which, *inter alia*, required Covert, within 30 days of the date of the order, to either (1) remit the $350.00 filing fee and administrative fee to the clerk of court, or (2) file an application to proceed *in forma pauperis* with a certified copy of his inmate account statement showing all deposits, withdrawals, and a current balance from any correctional facility in which he was confined for the six-month period from August 5, 2017, through February 5, 2018, reflecting account activity from that time period. *See* Order at 1-2, Doc. No. 2.

Covert filed an amended complaint naming "Department of County / State Medical, Mental / Behavior Health Penn- Medicine," as the defendants, an application to proceed *in forma*

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). Here, Covert included a declaration with the complaint in which he states that he provided the complaint to prison authorities on February 5, 2018, for mailing to the clerk of court. *See* Complaint at 8, Doc. No. 1.

In the complaint, Covert named "County Prison Medical Depart," "Mental/Behave Health Judical [sic]," and "State Correction" as the defendants. *See id.* at 1. Covert describes the facts underlying his claims as: "Intrap [sic] with Mental diag. Follows meds farther [sic] cause health conditions. No forensic Hearing Findings housed D.C. Phila. Prison Sept. 2017 the first of Champ [sic] Hill anonymous referral enable update county access. D.C. housed 2003 activity. Detention Center re-anger [sic] broke pinky nuckle [sic] seek surgery." *Id.* at 3. He described his injuries as: "Department of correction dispense meds constituted inflammation eye muscle failure, brian [sic], promoting seizures same eye of impairment surgery done follows accident 6.25.1992. Twice manipulation diag. Boxer / Second hosp. visit boken [sic] no surgery. Not giving antibiotic. Poisen [sic] saturate [sic]." *Id.* For his relief, Covert sought:
> Do grievance and other exhibit to examine require judge material function notice until proof claim entitles relief compensation. Pre-authorization action with secretary health complete assessment began Frontal lobe fracture eye surgery follows impairment. Date; 6.25.1992. First District material submitted Feb. April May 2016 same remedy approach. Issue accrued while illegally house sentence reflect Double Jeopardy threats currently. (Mental Health issue raise).
> Finding inquire judges investigators (Marshal).

*Id.* at 6.

*pauperis* (the "IFP Application"), and an inmate trust fund account statement on February 17, 2018.[2] Doc. Nos. 3, 4, 5. Because the inmate trust fund account statement covered only the period from January 22, 2018, through February 5, 2018, the court entered an order on February 28, 2018, which, *inter alia*, (1) denied the application to proceed *in forma pauperis* without prejudice, and (2) directed Covert to file a certified copy of his inmate trust fund account statement covering the period from August 5, 2017, through February 5, 2018. *See* Order at 1-2, Doc. No. 6. In response to this order, Covert filed another application to proceed *in forma pauperis* and inmate trust fund account statement that the clerk of court docketed on March 26, 2018. Doc. Nos. 7, 8.

The court notes that in the amended complaint, Covert describes the facts of his claims as follows:

> Camp Hill; First intrap [sic] with diagnosis – No forensic Hearing or conviction under supervision 12.18.2002. Add while claim illegally (Reflect on sentense [sic] compulation [sic], Max county work release + 2008. No parole probation super.) grievance submitted addressing Primary Camp Hill and Home Jail medication allergies are promoting Farther [sic] health issues.
>
> Present claim penn Medicine fell [sic] to prescribe antibiotic, poison satuation [sic] follows boxer fracture. Surgeon doctor deny surgery state healed partially week or 2 later. Directions to follow up appointment / schedule surgon [sic] Doc. 1 week later but better expedite repeat, detention center. Xray proform [sic] can't locate date above or within first week of Nov. 2018.

Am. Compl. at 3, Doc. No. 3. Covert indicates that his injuries include: "eye muscle inflammation seisure [sic] diolation [sic], rash etc., Boxer Fracture, muniplated [sic] twice known broken pinky nuckle [sic], Eye impairment rib replacement follow accident age twelve."

---

[2] Although the clerk of court docketed these documents on February 26, 2018, the court has deemed the filing date to be the date Covert indicated in his declaration that he provided the amended complaint to prison officials for mailing to the clerk of court, namely February 17, 2018. *See* Am. Compl. at 8.
     Regarding the named defendants, it is impossible to precisely identify the named defendants in this case as it is unclear whether Covert is using the slash to divide the named defendants or if the slash is indicating part of a party's name. Covert has rendered identifying the named defendants even more difficult by failing to identify them in the body of the amended complaint. *See id.* at 2 (failing to list names of individual defendants).

*Id.* In his request for relief, Covert states that he seeks: "$25,000 monetary Mental/Behavior Health, Penn Medicine $1,000,000 Prison System Phila $35,000 Require Pre-authorization action secretary of health Department pertains [sic] bran [sic] medicine, coverage for etc. Emergency." *Id.* at 5-6.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must]

review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (alteration to original) (internal citations omitted).

Here, after reviewing the IFP Application and inmate trust fund account statement, it appears that Covert is unable to pay the costs of suit. Therefore, the court will grant Covert leave to proceed *in forma pauperis*. The court also notes that since Covert is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court ultimately dismisses this action.

### B. <u>Review of the Amended Complaint Under 28 U.S.C. § 1915(e)(2)(B)</u>

Because the court has granted Covert leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the amended complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085.

Concerning the review under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

5

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

After reviewing the amended complaint by the aforementioned standards, it is apparent that Covert has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure.[3] Rule 8(a) requires a complaint to contain, *inter alia*, "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. CIV. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Here, the amended complaint does not comply with Rule 8 because it does not provide enough information to "ensure that the Court is sufficiently informed to determine the issue." *Id.*

---

[3] The court has reviewed both the original complaint and the amended complaint in the hope of ascertaining Covert's claims in this case. It is unclear that Covert recognized that he was filing an amended complaint when he filed this document because he simply used the form complaint for section 1983 actions. *See* Doc. No. 3.

Instead, as with the original complaint, the amended complaint consists of a series of disjointed words and phrases that do not give rise to any clear basis for a claim against any of the named defendants. Additionally, the allegations contain references to the years 2002, 2008, 2011, and 2018. Covert also appears to reference events that have occurred in City of Philadelphia Prison System and in the Commonwealth of Pennsylvania, Department of Corrections, but the allegations do not establish which events occurred in those locations and when they occurred. For these reasons alone, the court must dismiss the amended complaint.

Yet, there are other deficiencies with the amended complaint which mandate its dismissal. Presuming Covert intends to raise claims under 42 U.S.C. § 1983 challenging the constitutionality of the conditions of his confinement, the named defendants are either unrecognizable to the court or entities that he may not sue under section 1983. As already mentioned, the court cannot discern which entities Covert is suing here by naming ""Department of County / State Medical, Mental / Behavior Health Penn- Medicine," as the defendants in the caption of the amended complaint. He also fails to identify them in the body of the amended complaint.

To the extent that Covert's reference to "State Correction" refers to the Commonwealth of Pennsylvania's Department of Corrections, he may not sue this state entity under section 1983 because it "shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).[4] In addition, "the Department of

---

[4] The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996). The Eleventh Amendment bars a party from seeking monetary damages from a state or state official acting in his or her official capacity unless "waiver by the State or valid congressional override." *See Kentucky v. Graham*, 473 U.S. 159, 169 (1984) ("[T]he Eleventh Amendment bars a damages action against a State in federal court[, and t]his bar remains in effect when State officials are sued for damages in their official capacity." (alteration to original)).

By enacting 42 U.S.C. § 1983, Congress did not intend to abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979) (stating that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses

Corrections [and the individual state correctional institutions] are not "persons" and thus cannot be sued under 42 U.S.C. § 1983." *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) (alteration to original) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).[5]

To the extent that Covert is suing the City of Philadelphia's Prison System or any of its individual prisons, these defendants are also not "persons" subject to suit under section 1983. *See Peele v. Philadelphia Prison Sys.*, No. CIV. A. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. Apr. 8, 2015) ("The Philadelphia Prison System's motion to dismiss must be granted because the Philadelphia Prison System is not a "proper party" or a "person" under Section 1983." (citing *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n. 2 (3d Cir. 2014) (per curiam) and *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). Moreover, a prison's medical department (insofar as Covert has named "County Prison Medical Depart" as a defendant), is not a "person" subject to suit under section 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that the prison medical department was not a "person" for purposes of section 1983).

---

directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States"). Additionally, the Commonwealth of Pennsylvania has enacted 42 Pa. C.S. § 8521(b), which expressly indicates that the Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts. *See* 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *see also Lavia.*, 224 F.3d at 195 (explaining that Pennsylvania has not waived Eleventh Amendment immunity).

[5] Section 1983 provides in pertinent part as follows:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added). As indicated by the language of section 1983, it applies only to "person[s]." *See Johnson v. U.S. Attorney's*, No. CIV. A. 10-1643, 2010 WL 2991409, at *3 (E.D. Pa. July 27, 2010) ("As stated in the statute itself, § 1983 applies only in cases of persons acting under color of state law." (emphasis omitted)).

As for the possible defendant identified as "Behavior Health Penn-Medicine," there is nothing in the amended complaint to suggest that it is a state actor able to be sued under section 1983. In this regard,

> [t]o succeed in a claim under § 1983, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (alterations in original) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

The court recognizes that medical providers could be considered to be state actors if they have contracted with a corrections department or a corporate prison health care provider. *See,*

9

*e.g.*, *Talbert v. Kaplan*, No. 12-cv-6533, 2013 WL 4434214, at *4 (E.D. Pa. Aug. 20, 2013) (concluding that defendant doctor was not a state actor because, *inter alia*, "[t]here is no allegation in the complaint that Dr. Kaplan was employed by or under contract with either the Philadelphia Department of Corrections or Corizon Medical, the corporate prison health care provider"). Here, due to the vague nature of the complaint and amended complaint, the court cannot discern whether Covert was incarcerated when he received treatment from "Behavior Health Penn-Medicine" or if this entity has any relationship whatsoever with any correctional facility. Therefore, the court cannot determine whether this defendant (presuming it is even an entity that Covert can sue) is a state actor subject to suit under section 1983.

A final potential issue with the amended complaint involves the possibility that the statute of limitations bars some or all of Covert's claims insofar as he references events in the complaint and amended complaint that have possibly occurred over the past 25 years.[6] The statute of limitations for section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since Covert's claims arose in Pennsylvania, the court applies Pennsylvania's relevant limitations period, which in this case is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years" (citation omitted)). This two-year limitations period "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (alteration to original). "The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391. Thus, to the extent that Covert is complaining about conduct that occurred in 1992,

---

[6] The original complaint includes a reference to an accident that occurred in June 1992. *See* Compl. at 3, Doc. No. 1.

2002, 2003, 2008, or 2011, the statute of limitations would have expired well before two years prior to the filing of the original complaint in this case. Nonetheless, given the disjointed and vague manner in which Covert has pleaded the complaint and amended complaint, the court cannot determine at this time whether he has raised a timely claim for relief under section 1983.[7]

### C. Leave to Amend

A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). In particular, the court notes that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). As this is the first time that the court has identified deficiencies with Covert's pleadings and he is a *pro se* plaintiff pursuing a civil rights action under section 1983, the court will provide him with the opportunity to state a cognizable claim through the vehicle of a second amended complaint.

### III. CONCLUSION

Neither the complaint nor the amended complaint satisfy Rule 8(a)'s requirement to set forth a statement of the claim showing that Covert is entitled to any relief in this case. At bottom, the court cannot determine what happened to Covert, who did it, when and where it occurred, and what injuries he suffered as a result of this conduct. Moreover, the court cannot identify the defendants Covert is attempting to sue and, to the extent the court has attempted to identify those defendants, it appears that Covert cannot sue them because either the Eleventh Amendment bars the claims or the defendants are not "persons" subject to suit under section

---

[7] Although the statute of limitations is typically an affirmative defense, the court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citations omitted).

1983.  Furthermore, Covert mentions actions that may have occurred as far back as 1992 in the original complaint and as far back as 2002 in the amended complaint; therefore, it is possible that the statute of limitations bars some or all of his claims.  Accordingly, the court will dismiss the amended complaint, but will give Covert leave to file an amended complaint to extent that he can specify and clarify his claims and properly identify the defendants in this action.

      The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.